UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DAVID HERBERT,

    Plaintiff,                    CASE NO. 05-CV-10161

v.                                   DISTRICT JUDGE DAVID M. LAWSON
                                    MAGISTRATE JUDGE CHARLES BINDER

RESIDENT UNIT OFFICER ROARK,
RESIDENT UNIT OFFICER BURTOVOY,
RESIDENT UNIT MANAGER INGRAM,
ASSISTANT RESIDENT UNIT
SUPERVISOR RISELY,
ASSISTANT RESIDENT UNIT
SUPERVISOR NIEDERMEYER,
GRIEVANCE COORDINATOR J. EATON,
CAPTAIN GOLDBERG,
INSPECTOR BELER,
WARDEN ROMANOWSKI, and
RESIDENT UNIT OFFICER GOLL,

    Defendants.

_____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
**PURSUANT TO 28 U.S.C. §§ 1915A(b), 1915e(2)(B), & 42 U.S.C. § 1997e(c)(1)**

**I.**      **RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that this case be *SUA SPONTE* **DISMISSED WITHOUT PREJUDICE** for failure to demonstrate exhaustion of administrative remedies as required by 42 U.S.C. § 1997e(a).[1]

---

[1] In the event that this Report and Recommendation is adopted, the following pending motions will be moot: Plaintiff's Supplemental Motion that a Federal Indictment be Served (Dkt. 3); Plaintiff's Supplemental and Inclusive Motion (Dkt. 7); and Plaintiff's Motion for Immediate Transfer (Dkt. 9).

**II.    REPORT**

    **A.    Introduction**

This case is before the undersigned Magistrate Judge pursuant to an order of reference for general case management issued by U.S. District Judge David M. Lawson on July 21, 2005. (Dkt. 2.)

On June 27, 2005, Plaintiff David Herbert, a prisoner at the Michigan Department of Corrections' Gus Harrison facility in Adrian, Michigan, filed 50 pages of documents. (Dkt. 1.) The first 12 pages are entitled a "Motion and Order for Federal Indictment and Felony Arrest Warrant(s)."[2] In this "motion," Plaintiff alleges that on May 5, 2005, he was sexually assaulted by a corrections officer, Defendant Resident Unit Officer ("RUO") Roark, and that all other named defendants conspired to cover up the assault.[3] Plaintiff contends that the assault constituted Second Degree Criminal Sexual Conduct under Michigan law,[4] and therefore he seeks to "charge" Defendant Roark with that crime and requests that an arrest warrant be issued. Plaintiff further alleges that, after the assault, he was falsely accused and convicted of misconduct on numerous

---

[2]Pages 13-18 are entitled "Supplement [sic] Motion to Include Federal Indictment and Felony Arrest Warrants," page 19 is a combined proof of service and motion for appointment of counsel, and pages 20-50 are exhibits.

[3]Plaintiff alleges that Officer Roark "did with Deliberate Intent Sexually Assault/Abuse me by reaching for my penis and did rub my genitals with his hand and did make physical contact." (Dkt. 1 at 1.)

[4]Michigan law provides that "[a] person is guilty of criminal sexual conduct in the second degree if the person engages in sexual contact with another person and if any of the following circumstances exists: . . . (I) That other person is under the jurisdiction of the department of corrections and the actor is an employee or a contractual employee of, or a volunteer with, the department of corrections who knows that the other person is under the jurisdiction of the department of corrections. MICH. COMP. LAWS § 750.520c(1). "Sexual contact" is defined as "the intentional touching of the victim's or actor's intimate parts or the intentional touching of the clothing covering the immediate area of the victim's or actor's intimate parts, if that intentional touching can reasonably be construed as being for the purpose of sexual arousal or gratification, done for a sexual purpose, or in a sexual manner for: (i) Revenge. (ii) To inflict humiliation. (iii) Out of anger." MICH. COMP. LAWS § 750.520a(n).

occasions in retaliation for his allegation against Defendant Roark. Plaintiff also claims that Defendants Burtovoy and Goll violated his constitutional rights by confiscating important legal documents he had prepared relating to the assault.

Giving the *pro se* document the liberal review to which it is entitled, *see Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972), the Court construes it as a prisoner civil rights complaint brought pursuant to 42 U.S.C. § 1983 alleging Eighth and Fourteenth Amendment violations. Plaintiff's application to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(1) was granted on August 12, 2005. (Dkt. 10.) After screening the *pro se* complaint, I conclude that the case is ready for Report and Recommendation.

**B.     Screening Provisions**

This case is subject to screening under several provisions of the United State Code – one that applies to civil complaints filed by prisoners, 28 U.S.C. § 1915A[5], and one that applies to civil complaints filed *in forma pauperis.* 28 U.S.C. § 1915(e).[6] Pursuant to these statutes, as well as

---

[5] 28 U.S.C. § 1915A provides in pertinent part:

(a) Screening. – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

(b) Grounds for dismissal. – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--

    (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
    (2) seeks monetary relief from a defendant who is immune from such relief.

[6] 28 U.S.C. § 1915(e)(2)(B) provides in pertinent part that,

[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . .

    (i)  is frivolous or malicious;
    (ii) fails to state a claim on which relief may be granted; or
    (iii) seeks monetary relief against a defendant who is immune from such relief.

42 U.S.C. § 1997e(c)(1),[7] the Court is to *sua sponte* dismiss the case before service on any defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

A case is frivolous if it lacks an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 104 L. Ed.2d 338 (1989). When determining whether a complaint fails to state a claim for relief, "[t]he court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief." *Cline v. Rogers*, 87 F.3d 176 (6th Cir. 1996) (citing *In re DeLorean Motor Co.,* 991 F.2d 1236, 1240 (6th Cir. 1993)); FED. R. CIV. P. 12(b)(6).

## C. Exhaustion Requirement

The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under § 1983 . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement is mandatory, and applies "to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532, 122 S. Ct. 983, 152 L. Ed. 2d 12 (2002). Inmates must carefully draft their complaints to include only exhausted claims, because the U.S. Court of Appeals for the Sixth Circuit recently held that

---

[7] 42 U.S.C. § 1997e(c)(1) provides that

[t]he court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

4

"mixed" complaints – those raising both exhausted and unexhausted claims – are not allowed under the PLRA. In other words, all claims raised in a complaint must have been completely exhausted prior to filing suit or the entire case will be *sua sponte* dismissed without prejudice. *Jones Bey v. Johnson*, 407 F.3d 801 (6th Cir. 2005).

The Michigan Department of Corrections provides prisoners with a three-step grievance procedure for bringing forward their concerns and complaints. *See generally* MDOC Policy Directive 03.02.130. To administratively exhaust a § 1983 claim against a defendant, a prisoner must allege mistreatment or misconduct on the part of that specific defendant at Step I of the grievance process. *Burton v. Jones*, 321 F.3d 569, 574 (6th Cir. 2003). In addition, the prisoner must proceed through all three steps of the process, because an inmate "cannot abandon the process before completion and claim that he has exhausted his remedies." *Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999). *See also Booth v. Churner*, 532 U.S. 731, 121 S. Ct. 1819, 1822, 149 L. Ed. 2d 958 (2001) (affirming dismissal of § 1983 action where prisoner filed an administrative grievance, but did not "go beyond the first step"). Even where a prisoner receives no response to his Step I grievance or Step II appeal, he may not abandon the process, but must continue on through the final stage and submit a Step III appeal. *Poor v. Grayson*, 46 Fed. Appx. 825, 827 (6th Cir. 2002).

Therefore, to satisfy the exhaustion requirement, a Michigan prisoner must provide the Court with copies of the grievances he submitted at each step regarding each claim he seeks to raise under § 1983, including all administrative responses received, up to and including the response to his Step III grievance appeal. "[I]n the absence of written documentation, [he must] describe with specificity the administrative proceeding and outcome." *Knuckles-El v. Tombs*, 215 F.3d 640, 642 (6th Cir. 2000).

5

**D.     Discussion**

In this case, Plaintiff included copies of several Step I grievances with his complaint.[8] He did not, however, provide the Court with any Step II or Step III grievances or responses. Further, Plaintiff did not allege that he proceeded through all three steps of the grievance procedure with regard to any of his claims prior to filing this suit. Accordingly, I suggest that the complaint is subject to *sua sponte* dismissal without prejudice for failure to comply with the exhaustion rule of 42 U.S.C. § 1997e(a), which is a "mandatory threshold requirement in prison litigation." *Brown v. Morgan*, 209 F.3d 595, 596 (6th Cir. 2000).

**III.    REVIEW**

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*,

---

[8] One of the Step I grievances attached to the complaint was submitted by Plaintiff against Officer Roark on the day of the alleged assault, but it does not assert the same facts as are alleged in the complaint. The grievance states:

> On the above date [May 5, 2005] and prior to this note, Officer Roark has been notified of his continuous Sexual Stalking Behavior in and outside of the unit. This is in addition to the verbalization of Sexual Verbal Expressions with visual eye contact in the sexual areas. His ulterior motive is unacceptable and unprofessional. Family members have been notified. Criminal Sexual Conduct Charges are commenced under MCLA 750.520 under Abuse of his authority. Michigan State Police are notified with this complaint. Retaliation by other staff is expected and inclusive to these charges. Sexual and selective profiling is a felony and are filed. [sic]

(MDOC Step I Grievance No. ARF/2005/05/0625/17A, attached to Dkt. 1.)

931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

                                                            s/ *Charles E Binder*
                                                          CHARLES E. BINDER
Dated: August 16, 2005                             United States Magistrate Judge


**CERTIFICATION**

     I hereby certify that this Report and Recommendation was electronically filed this date and served in the traditional manner on David Herbert and Honorable David M. Lawson.


Dated: August 16, 2005                             By      s/Mary E. Dobbick
                                                               Secretary to Magistrate Judge Binder